# UNITED STATES DISTRICT COURT

___SOUTHERN_____ District of ___OHIO_____

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 1:10cr133-1 |
| Frederick Reed | ) | USM Number: 69171-061 |
| | ) | Jon Paul Rion, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1 and 2 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846, 841(a)(1) and 841(b)(1)(A)(vii) | Conspiracy to Possess with Intent to Distribute and to Distribute and to Distribute in Excess of 1000 Kilograms or more of Marijuana | 12/20/2010 | 1 |
| 18 USC 371, 2314 and 2 | Conspiracy to Transport, Transmit and Transfer in Interstate Commerce Stolen Merchandise and Money | 12/20/2010 | 2 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 24, 2012
Date of Imposition of Judgment

*/s/ Michael R. Barrett*
Signature of Judge

Michael R. Barrett, United States District Judge
Name and Title of Judge

August 24, 2012
Date

DEFENDANT: Frederick Reed
CASE NUMBER: 1:10cr133-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 1: one hundred twenty (120) months

Count 2: sixty (60) months to run concurrent to Count 1

☒ The court makes the following recommendations to the Bureau of Prisons:

The execution of the reporting date is suspended pending further order of the Court.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Frederick Reed
CASE NUMBER: 1:10cr133-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Count 1: five (5) years;

Count 2: three (3) years to run concurrent to Count 1

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Frederick Reed
CASE NUMBER: 1:10cr133-1

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The Defendant shall provide all financial information to the probation officer upon request.

2. The Defendant shall participate in substance abuse treatment, which includes random drug testing.

DEFENDANT: Frederick Reed
CASE NUMBER: 1:10cr133-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 4,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        Frederick Reed
CASE NUMBER:      1:10cr133-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  Lump sum payment of $ __4,200.00__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance    ☐ C,   ☐ D,   X E, or   X F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  X  Payment during the term of supervised release will commence within __30__ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

The Defendant shall pay $25 per quarter while incarcerated if he is working in a NON-UNICOR job. If the Defendant is working in a grade one to four UNICOR job, he shall pay 50% of his monthly pay toward his fine obligation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:
See Doc. 241 attached, Page 7.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>PLAINTIFF, :<br>:<br>v. :<br>:<br>FREDERICK REED, :<br>ROCCO EVANGELISTA, :<br>JOHN WAYNE DAULTON, :<br>DEFENDANTS. : | Criminal No. 1:10-cr-133 |

## PRELIMINARY ORDER OF FORFEITURE

On December 15, 2010, the Grand Jury for the Southern District of Ohio returned an Indictment alleging that the defendants had violated 18 U.S.C. §§ 371, 2314, and 2 as well as 21 U.S.C. §§ 841 and 846 (Doc. 1). The Forfeiture Allegations in the Indictment contained notice to the defendants that the United States would seek the forfeiture of certain property as part of any sentence in accordance with Fed. R. Crim. P. 32.2. Specifically, the United States seeks to forfeit pursuant to 21 U.S.C. § 853(a) and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) the following property (the "subject property"):

***FREDERICK REED:***

***REAL PROPERTY:***

*Individually Owned Real Property (Legal Descriptions attached as Exhibit 1):*

1. 1811 Wendell, Lima, Ohio;
2. 3800 Shawnee Road, Lima, Ohio;
3. 3780 Shawnee Road, Lima, Ohio;
4. 540 North Elizabeth Street, Lima, Ohio;
5. 325 North Pierce Street, Lima, Ohio;
6. 318 South Nye Street, Lima, Ohio;
7. 724-726 West Wayne Street, Lima, Ohio;
8. 233 South Collett Street, Lima, Ohio;
9. 811 West Elm Street, Lima, Ohio;

10. 1207 West Market Street, Lima, Ohio;
11. 732 West Elm Street, Lima, Ohio;
12. 770 South Metcalf, Lima, Ohio;
13. 737 East Third Street, Lima, Ohio;
14. 752 West Elm Street, Lima, Ohio;
15. 420 South Pine Street, Lima, Ohio;
16. 558 Ontario, Lima, Ohio;
17. South Kenilworth Avenue, Lima, Ohio Parcel No. M3836350809020000;
18. 609 South Cable Road, Lima, Ohio;

*Jointly Owned Real Property (Legal Descriptions attached as Exhibit 2):*

19. 2210 Arcadia Avenue, Lima, Ohio;
20. 2242 Arcadia Avenue, Lima, Ohio;
21. 317 North Baxter Street, Lima, Ohio;
22. 364 Chester Place, Lima, Ohio;
23. 208 South Collett Street, Lima, Ohio;
24. 210 South Collett Street, Lima, Ohio;
25. 314 North Collett Street, Lima, Ohio;
26. 1012 Daniels Avenue, Lima, Ohio;
27. 703 West Elm Street, Lima, Ohio;
28. 735 West Elm Street, Lima, Ohio;
29. 754-756 West Elm Street, Lima, Ohio;
30. 1007 East Eureka Street, Lima, Ohio;
31. 618 West Ford, Lima, Ohio;
32. 545 Franklin Street, Lima, Ohio;
33. 714 Franklin Street, Lima, Ohio;
34. 412 West Grand Avenue, Lima, Ohio;
35. 240 Harrison, Lima, Ohio;
36. 911 South Harrison, Lima, Ohio;
37. 120 Jameson, Lima, Ohio;
38. 121 North Kenilworth, Lima, Ohio;
39. South Kenilworth Avenue, Lima, Ohio Parcel No. M3836350809021000;
40. 902 Leland, Lima, Ohio;
41. 948 Leland, Lima, Ohio;
42. 923 East Market Street, Lima, Ohio;
43. 466 McDonel, Lima, Ohio;
44. 636 North McDonel, Lima, Ohio;
45. 907 Michael, Lima, Ohio;
46. 515 South Nye Street, Lima, Ohio;
47. 123 North Perry Street, Lima, Ohio;
48. 166 South Perry Street, Lima, Ohio;
49. 323 North Pierce Street, Lima, Ohio;

50. 327 North Pierce Street, Lima, Ohio;
51. 253 South Pine, Lima, Ohio;
52. 543 East Second Street, Lima, Ohio;
53. 1102 East Second Street, Lima, Ohio;
54. 1459 Southwood, Lima, Ohio;
55. 723 Spring Street, Lima, Ohio;
56. 735 West Spring Street, Lima, Ohio;
57. 739 West Spring Street, Lima, Ohio;
58. 741 West Spring Street, Lima, Ohio;
59. 803 West Spring Street, Lima, Ohio;
60. 805 West Spring Street, Lima, Ohio;
61. 807 West Spring Street, Lima, Ohio;
62. 1331 St. Johns Avenue, Lima, Ohio;
63. 630 East Third Street, Lima, Ohio;
64. 738 East Third Street, Lima, Ohio;
65. 654 South Union Street, Lima, Ohio;
66. 1129 West Wayne Street, Lima, Ohio;
67. 452 North West Street, Lima, Ohio;
68. 130 South Woodlawn Avenue, Lima, Ohio;
69. 218 South Woodlawn Avenue, Lima, Ohio;
70. 223 North Woodlawn Avenue, Lima, Ohio;
71. 403 Woodlawn Avenue, Lima, Ohio;

*Property With Potential Ownership Interests* *(Legal Descriptions attached as Exhibit 3):*

72. 121 West McKibben, Lima, Ohio;
73. 417 West Northern Avenue, Lima, Ohio;
74. 965 Richie Street, Lima, Ohio;
75. 318 North Collett Street, Lima, Ohio;
76. 1002 North West Street, Lima, Ohio;
77. 1010 Leland Avenue, Lima, Ohio;
78. 518 McKibben, Lima, Ohio;
79. 3057 Allentown Road, Lima, Ohio;
80. 1519 West High Street, Lima, Ohio;
81. 1112 West High Street, Lima, Ohio;
82. 229 South Collett Street, Lima, Ohio;
83. 826 South McDonel Street, Lima, Ohio;
84. 505 Flanders Avenue, Lima, Ohio;
85. 792 Atlantic Avenue, Lima, Ohio;
86. 1519 Southwood Drive, Lima, Ohio;
87. 805 Dingledine Avenue, Lima, Ohio;
88. 981 Brice Avenue, Lima, Ohio;
89. 1553 Southwood Drive, Lima, Ohio; and

90. 3141 East Sand Road, Port Clinton, Ohio.

**CURRENCY:**

1. $157,690.00 U.S. currency seized from 2041 Shawnee Road, Lima, Ohio on December 22, 2009.

**FIREARMS:**

1. InterArms .38 caliber revolver, bearing serial number D491643; and
2. High Point .45 caliber pistol, bearing serial number X403D88.

## *ROCCO EVANGELISTA:*

**REAL PROPERTY** *(Legal Descriptions attached as Exhibit 4):*

a. 15519 State Route 37 E, Sunbury, Ohio, Parcel ID: 41643001029000;
b. State Route 37 E, Sunbury, Ohio, Parcel ID: 41643001006002;
c. Dent Road, Sunbury, Delaware County, Ohio, Parcel ID: 41643001006003;
d. 15425 State Route 37 E, Sunbury, Ohio, Parcel Id: 41643001006011;

**VEHICLES AND VESSELS:**

e. 1966 Chevrolet Nova VIN 11376W135359;
f. 1996 Harley Davidson VIN 1HD1BJL49TY043663;
g. 2006 Cadillac VIN 1G6DM57T360181626;
h. 2009 Chevrolet SW VIN 1GNER23D49S166763;
i. Manitou Pleasure Boat, Hull Id. No. T1155714C292;
j. Stratos Pleasure Boat, Hull Id. No. 8NZ7F151L485; and
k. Starcraft Pleasure Boat, Registration No. BC0008.

## *JOHN WAYNE DAULTON:*

**VEHICLE:**

1. 2004 Chevrolet Silverado 2500 HD-V8 Crew Cab bearing VIN 1GCHK23274F207428; and

**MONEY JUDGMENT:**

2. The sum of $689,680.00 representing the amount of proceeds obtained as a result of the offense in the form of a forfeiture money judgment pursuant to 21 U.S.C. § 853(a).

4

The aforementioned items are subject to forfeiture to the United States as property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations and/or as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

On March 14, 2011, defendant Frederick Reed entered pleas of guilty to Counts 1 and 2 of the Indictment and agreed to forfeit certain property to the United States (Docs. 120: Minute Entry and 121: Plea Agreement).

On March 28, 2011, defendant Rocco Evangelista entered a plea of guilty to Count 1 of the Indictment and agreed to forfeit certain property to the United States (Docs. 124: Minute Entry and 125: Plea Agreement). On October 3, 2011, the Court held Mr. Evanglista's sentencing hearing and verbally announced the forfeiture of certain property (Doc. 197). The Judgment establishes that he shall forfeit certain property to the United States (Doc. 198).

On September 8, 2011, defendant John Wayne Daulton entered a plea of guilty to Count 1 of the Indictment and agreed to forfeit certain property to the United States (SEALED).

Based upon the evidence set forth in the record, the Court finds that United States has established the requisite nexus between the subject property and the offenses to which each defendant has pled guilty. Accordingly, the property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a) and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Therefore, pursuant to Fed. R. Crim. P. 32.2,

IT IS ORDERED that all right, title, and interest of each defendant in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a) and/or 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

IT IS FURTHER ORDERED that the United States shall publish notice, pursuant to Fed. R. Crim. P. 32.2(b)(6), of this Order and of its intent to dispose of the subject property and send notice to any person who reasonably appears to be a potential petitioner with standing to contest the forfeiture in an ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(2), any person, other than any of the defendants, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the United States shall seize the subject property, whether held by any of the defendants or a third party; conduct whatever discovery is necessary to identify, locate or dispose

of the property; and commence proceedings that comply with any statutes governing third-party rights.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to each defendant at sentencing and shall be made part of the sentence and included in the judgment. This Court respectfully notes that Defendant Evanglista was sentenced on October 6, 2011, and the forfeiture was included in the Judgment (Doc. 198).

The Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

June 7, 2012
Date

Michael R. Barrett
Michael R. Barrett
UNITED STATES DISTRICT JUDGE

**CRIMINAL CASE NUMBER**  <u>1:10cr133-1</u>

**U.S.A. -vs- Frederick Reed**

Policy Change, 8/13/01, Restricting Public Disclosure of the Statement of Reasons

**THE STATEMENT OF REASONS PAGE IS FILED UNDER SEAL FROM THE ORIGINAL JUDGMENT FILED IN THIS CASE.**

**THESE PAGES ARE NOT FOR PUBLIC DISCLOSURE; THEREFORE, DISCLOSURE OF THESE DOCUMENTS SHALL BE BY ORDER OF THE COURT ONLY.**

**JAMES BONINI, CLERK**

BY: _____
  **Deputy Clerk**

DATE: 8/27/10